**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**JONESBORO DIVISION**

**BUILDING CONSTRUCTION**
**ENTERPRISES, INC.**                                                                   **PLAINTIFF**


**v.**                                   **CASE NO. 3:06-CV-00092 GTE**


**GARY MEADOWS**
**CONSTRUCTION CO., INC.**                                                        **DEFENDANT**

**ORDER**

Presently before the Court is Plaintiff's Motion for Reconsideration of the Order granting

Defendant's Motion for Voluntary Dismissal.  Plaintiff requests that the Court enter an order

denying Defendant's Motion for Voluntary Dismissal and transfer the entire case to the United

States District Court for the Western District of Missouri, Western Division.

**I.  Background**

On June 1, 2006, Plaintiff Building Construction Enterprises, Inc. ("BCE") filed this

breach of contract action based upon a construction contract for work to be performed on the

Arkansas State University Student Center. Defendant Gary Meadows Construction Co., Inc.

("GMCC") filed its Answer and a Counterclaim for unpaid invoices.  GMCC stated therein that

Plaintiff BCE had a performance bond issued by Safeco Insurance Company of America

("Safeco"), and thus, Safeco is liable on the performance bond for the amount Plaintiff BCE is

indebted to Defendant GMCC for labor and materials used.

On October 31, 2006, Defendant GMCC filed its Third Party Complaint against Safeco,

which alleged that GMCC was entitled to recover from Safeco  any and all damages it suffered

by reason of BCE's breach of contract. Safeco filed its Answer on December 5, 2006, and then filed an Amended Answer on December 22, 2006, requesting dismissal or transfer. In its Amended Answer, Safeco alleged that the contract between BCE and GMCC provided that Jackson County, Missouri was the chosen venue and requested transfer. GMCC filed a response to Safeco's Amended Answer on January 5, 2007. GMCC stated that Safeco was not a party to the referenced contract and further contended that BCE waived the forum provision of the contract by filing its Complaint in this Court. GMCC also stated that Section 9 of the performance bond between Safeco, as surety, BCE, and Arkansas State University, as owner, provides that "[a]ny proceeding . . . under this Bond may be instituted in any court of competent jurisdiction in the location in which the work or part of the work is located . . . ."

On January 16, 2007, Third Party Defendant Safeco filed its Supplemental Motion to Dismiss, or Alternatively, for Transfer. In addition to its venue arguments, Safeco argued that GMCC's claim against Safeco was not ripe for adjudication because GMCC could not in any event recover on its claim against Safeco, until the liability of BCE and GMCC under the subcontract was determined.

On February 9, 2007, Defendant/Third Party Plaintiff GMCC filed its Motion for Voluntary Dismissal of Third Party Defendant Safeco, agreeing with Safeco's ripeness argument. Thus, GMCC withdrew its objection to Safeco's Motion to Dismiss and moved for voluntary dismissal of its Third Party Complaint against Safeco. On February 12, 2007, without the benefit of a response from Plaintiff BCE, the Court entered an Order granting GMCC's Motion for Voluntary Dismissal of Safeco.

On February 14, 2007, Plaintiff BCE filed its response in opposition to GMCC's Motion for Voluntary Dismissal of Safeco requesting instead transfer of the action to the United States District Court for the Western District of Missouri. Safeco also filed a response to GMCC's Motion withdrawing its request to dismiss the Third Party Complaint on the condition that the entire action be transferred to the Western District of Missouri. Subsequently, Plaintiff BCE filed a Motion for Reconsideration of the Order granting the Motion for Voluntary Dismissal, to which GMCC filed a response.

## II. Motion for Reconsideration

First, BCE argues that Federal Rule of Civil Procedure 41(a) requires that a stipulation of dismissal must be signed by all parties who appeared in the action, and that such requirement applies to the voluntary dismissal of a Third Party Complaint under Federal Rule of Civil Procedure 41(c). However, the Court agrees with GMCC's arguement that the Court properly granted its motion pursuant to Federal Rule of Civil Procedure 41(a)(2), which provides that a claim can be dismissed "upon Order of the Court."

Second, BCE argues that it is a necessary party to any action between GMCC and Safeco. Thus, BCE argues that BCE will be required to again litigate the same subject matter in a different forum if Safeco's Motion to Transfer is not granted. Additionally, BCE argues that it may be required to indemnify Safeco in the event of any further claim or suit by Meadows. However, GMCC argues that BCE's claim that there will be a separate action in a different venue is misplaced because Arkansas Code Annotated § 18-44-503 and § 22-9-403 require that any action against Safeco on its bond be brought in Arkansas. Arkansas Code Annotated § 18-44-503 provides:

3

(a) No contract in any sum exceeding twenty thousand dollars ($20,000) providing for the repair, alteration, or erection of any public building, public structure, or public improvement shall be entered into by the State of Arkansas or any subdivision thereof, by any county, municipality, school district, or other local taxing unit, or by any agency of any of the foregoing, unless the contractor shall furnish to the party letting the contract a bond in a sum equal to the amount of the contract.

(b) All persons, firms, associations, and corporations who have valid claims against the bond may bring an action on the bond against the corporate surety, provided that no action shall be brought on the bond after twelve (12) months from the date on which the Arkansas Building Authority or institutions exempt from construction review and approval by the authority approve final payment on the state contract, *nor shall any action be brought outside the State of Arkansas*.

Ark. Code Ann. § 18-44-503 (emphasis added). Arkansas Code Annotated § 22-9-403(b)

provides:

(b)(1) No action shall be brought on a bond after one (1) year from the date final payment is made on the contract, *nor shall an action be brought outside the State of Arkansas.*

(2) However, with respect to public works contracts where final approval for payment is given by the Arkansas Building Authority or by an institution of higher education exempt from construction review and approval by the authority, all persons, firms, associations, and corporations having valid claims against the bond may bring an action on the bond against the corporate surety, provided that no action shall be brought on the bond after twelve (12) months from the date on which the authority or the public institution of higher education approves final payment on the state contract, *nor shall any action be brought outside the State of Arkansas in accordance with § 18-44-503.*

Ark. Code Ann. § 22-9-403(b) (emphasis added).

"Courts generally have followed the traditional principle that dismissal should be allowed unless

the defendant will suffer some plain legal prejudice other than the mere prospect of a second

lawsuit." Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure: Civil 2d* §

2364, p. 280 (1986) (discussing Fed. R. Civ. P. 41(a)(2)) (citing *Paulucci v. City of Duluth*, 826

F.2d 780 (8th Cir. 1987).  After considering this general rule and GMCC's arguments, the Court

does not find BCE's argument persuasive.

Third, BCE argues that the Court should require both BCE and GMCC to honor their

agreement to litigate all disputes in Jackson County, Missouri, which states, "The parties hereto

hereby agree that the resolution of any dispute hereunder shall take place in Jackson County,

Missouri, either in a state or federal court of competent jurisdiction over the geographical area of

Jackson County, Missouri . . . ."  BCE requests transfer pursuant to 28 U.S.C. § 1406.  GMCC

argues that BCE's belated attempt to transfer pursuant to 28 U.S.C. § 1406 is procedurally

improper because venue in this Court is statutorily proper and "1406(a) does not appear to be an

appropriate vehicle to enforce a forum selection clause."  *McCloud Constr. Inc. v. Home Depot*

*USA, Inc.*, 149 F. Supp. 2d 695, 698 (E.D. Wis. 2001) (stating that the decision in *Stewart*

*Organization, Inc. v. Ricoh Corp.,* 487 U.S. 22, 28 n.8, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988),

"implied that when there was a statutory basis for venue in the district where suit was filed, a

motion to dismiss under § 1406(a) was properly denied.").  Furthermore, GMCC argues that

BCE waived its right to have the action adjudicated in Jackson County, Missouri by electing to

file its Complaint in this Court.  "A waiver occurs when a party 'with full knowledge of material

facts does something which is inconsistent with the right or his intention to rely on that right.'"

*See Heating & Air Specialists, Inc. v. Jones*, 180 F.3d 923, 936 (8th Cir. 1999) (citing *Lester v.*

*Mount Vernon-Enola Sch. Dist.*, 323 Ark. 728, 917 S.W.2d 540, 542 (1996)).  GMCC states that

the fact that BCE attached its contract with GMCC as an exhibit to BCE's Complaint

demonstrates that BCE had knowledge of the contract.

The Court agrees that a growing majority of cases addressing the issue conclude that a motion under § 1406 to enforce a forum selection clause is procedurally improper. *Steward v. Up North Plastics, Inc.*, 177 F. Supp. 2d 953, 957-58 (D. Minn. 2001) (citing *Stewart Org. Inc. v. Ricoh Corp.*, 487 U.S. 22, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988); *Salovaara v. Jackson Nat'l Life Ins. Co.,* 246 F.3d 289, 298 (3d Cir. 2001); *Jumara v. State Farm Ins. Co.,* 55 F.3d 873, 877-79 (3d Cir. 1995); *Blue Ash Dev., Inc. v. Polan,* No. 94-6324, 1996 WL 1828 at *2 n. 1 (6th Cir. Jan. 2, 1996) ("It does not appear under [ *Stewart* ] that a forum selection clause makes the venue "wrong" for § 1406 purposes when the action is filed in a district other than that specified in the clause."); *BHP Int'l Inv., Inc. v. OnLine Exch., Inc.,* 105 F.Supp.2d 493, 496 (E.D. Va. 2000); *McCloud,* 149 F. Supp. 2d 695 (concluding that in light of *Stewart* and subsequent case law relying on *Stewart's* footnote eight, "1406(a) does not appear to be an appropriate vehicle to enforce a forum selection clause")).

Furthermore, the Court agrees that Plaintiff waived its right to have the action adjudicated in Jackson County, Missouri by electing to file its Complaint in this Court. *See Unity Creations, Inc. v. Trafcon Industries, Inc.*, 137 F. Supp. 2d 108, 111 (E.D.N.Y. 2001) (finding that Plaintiff waived the forum selection clause by suing on the contract in an unauthorized forum) (citing *Pirolo Brothers, Inc. v. Angelo Maffei and Figli, SAS,* 1989 WL 20945 (S.D.N.Y. 1989); *In Re Rationis Enterprises, Inc.,* 1999 WL 6364 (S.D.N.Y.1999) ("a forum selection clause will be deemed waived if the party invoking it has taken actions inconsistent with it")); *see also Chmura v. Monaco Coach Corp.*, 2005 WL 1705469, *2 (M.D. Fla. July 19, 2005) (citing *Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP,* 365 F.3d 1244, 1246 (11th Cir. 2004) (explaining that a defendant may waive its right to remove a case by actively litigating in state

court)).  Therefore, the Court declines to reconsider its previous Order dismissing Safeco as a Third Party Defendant.

Accordingly,

IT IS THEREFORE ORDERED that the Motion for Reconsideration of the Order granting Defendant's Motion for Voluntary Dismissal and for Transfer (Dkt. # 34) be, and it is hereby, DENIED.

Dated this 4th day of April, 2007.

/s/Garnett Thomas Eisele_____
UNITED STATES DISTRICT JUDGE