UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

BUILDING CONSTRUCTION
ENTERPRISES, INC.                                    PLAINTIFF/COUNTERDEFENDANT

v.                               CASE NO. 3:06-CV-00092 GTE

GARY MEADOWS
CONSTRUCTION CO., INC.                               DEFENDANT/COUNTERCLAIMANT

## ORDER

Presently before the Court are Defendant Gary Meadows Construction Co., Inc.'s ("Meadows") Motion to Deem Requests for Admissions as Admitted (Docket No. 50), and Meadow's Motion to Compel Answering of Interrogatories and Requests for Production of Documents and Appropriate Sanctions (Docket No. 52).

**I. Background**

This case involves a dispute over work contemplated to be performed at the Arkansas State University student center. BCE was the general contractor and Defendant Meadows was a subcontractor on the project. The Complaint states that on or about July 17, 2001, the parties entered into a contract. In March of 2005, a dispute arose between the parties regarding the scope of work to be completed by Defendant.

The Complaint alleges that BCE took the position during the work that fill and backfill were included in the work Meadows was obligated to do under contract, but that Meadows took the position that it was not responsible for fill and backfill. BCE alleges that it contacted Meadows and asserted that Meadows had separately charged them for backfill work that was

1

within the scope of the original contract between the parties. BCE also alleges that it informed Meadows that if Meadows did not fulfill its obligations under the contract, BCE would be forced to hire others to do the work, and that Meadows abandoned the job due to the controversy. Subsequently, BCE contracted with other construction companies to complete the work.

In its Answer, Defendant Meadows asserts that it did not enter into a contract with Plaintiff BCE for performance of Excavation, Section 02316, or Fill and Backfill, Section 02375, of Plaintiff's contract with ASU. Defendant further states that its proposal did not include those two items, and it was not the intent of Defendant or Plaintiff for the subcontract to include those two items. Defendant asserts that several months after entering into the contract, Plaintiff asked Defendant to submit a proposal for the excavation Section of Plaintiff's contract with ASU and that a proposal was submitted by it on October 15, 2001, in the amount of $64,600.00. Defendant states that Plaintiff declined to accept said proposal and informed Defendant that it would use its own forces to complete that portion of the job. However, from October 6, 2001, through November 3, 2004, Defendant was asked by Plaintiff to perform extra work consisting of excavation, fill, and backfill. Defendant states that Plaintiff submitted invoices for the extra work during that three-year period of time and paid Defendant for that extra work as billed.

Defendant further states that it was only in March, 2005, when a different job superintendent of Plaintiff came on the job, that Plaintiff took the position that the excavation, fill, and backfill were included in Defendant's original subcontract agreement. Defendant states that beginning in March 2005, Plaintiff refused to pay Defendant for the extra work, and that Plaintiff refused to meet with Defendant to attempt to resolve the situation, and that Plaintiff ceased paying Defendant for work already completed that it contends was extra work outside the

subcontract agreement. Defendant alleges that Plaintiff breached its contract with Defendant by refusing to pay for charges incurred that were submitted and authorized by Plaintiff's personnel on the job and by refusing to fulfill its obligations under the subcontract agreement and its agreement for the payment for the extra work performed.

Defendant counterclaims alleging that Plaintiff is indebted to Defendant in the amount of $5,017.51 for invoiced and billed amounts pursuant to the original subcontract agreement for which Plaintiff has refused to pay, and in the amount of $24,462.76 for the ten percent retainage held by Plaintiff for work performed by Defendant pursuant to the subcontract. Defendant also asserts that it performed extra work at the request of Plaintiff for which it submitted invoices to Plaintiff which remain unpaid in the sum of $51,499.66.

**II. Defendant's Motion to Deem Requests for Admissions as Admitted (Docket No. 50) and Defendant's Motion to Compel Answering of Interrogatories and Requests for Production of Documents and Appropriate Sanctions (Docket No. 52)**

At the outset, the Court notes that Plaintiff asserts that Defendant propounded discovery to Plaintiff on or about June 26, 2007. The Court notes that upon Plaintiff's motion, and over Defendant's objection, the Court extended the discovery cutoff to July 2, 2007. The Court also notes that the Court's Scheduling Order provides, "All discovery must be propounded so that responses are due on or before [the discovery deadline]." It appears that Plaintiff submitted responses to the requests on or about July 25, 2007, and Defendant's counsel alerted Plaintiff's counsel of the alleged inadequacies of the responses on July 31, 2007. The Court is of the opinion that both parties have contributed to the problems at hand. Defendant did not propound discovery in the manner specified by the Court in its Scheduling Order, and Plaintiff has failed to adequately investigate and attempt to provide adequate discovery responses.

Defendant moves the Court for an Order compelling Plaintiff to answer the Interrogatories and Requests for Production propounded as to which Plaintiff has filed its amended answers. Defendant states that with the exception of Interrogatories 3, 8, and 10, the Plaintiff has provided blanket inappropriate objections by stating that its failure to answer is based upon the fact that the information is contained in approximately 125,000 pages of documents located in Plaintiff's corporate office in Kansas City, Missouri.

Among other cases, Defendant cites *United States v. Taylor*, 166 F.R.D. 356, 363 (M.D.N.C. 1996) and *United States v. American Tel. & Tel. Co.*, 83 F.R.D. 323, 333 (D.C.D.C. 1979) in support of its argument. In *Taylor*, the district court stated:

> Rule 36 requires substantial compliance. 8A Wright, Miller & Marcus, § 2252, at 523. A party must give reasons for a claimed inability to respond. It is not enough to claim lack of knowledge. A party must show the information is not reasonably within its power to obtain. *Id.* § 2261.

166 F.R.D. at 363. In *American*, the court noted that, "[a] party that fails to make a good faith effort to respond adequately may be ordered to respond more fully, . . . or it may be required to pay the expenses incurred in proving the subject of the request." 83 F.R.D. at 333.

Plaintiff responds by stating that it is continuing to attempt to obtain the information requested, but that it is a substantial hardship for Plaintiff to find the answers to the requests made because Plaintiff's counsel does not have a full staff. However, due to Plaintiff's continued supplementation of its answers, it is not clear to the Court exactly which discovery requests are still unfulfilled. Plaintiff further states that there are three copies of the project file in existence – two in Kansas City and one in West Memphis, Arkansas. Plaintiff states that it amended its answers – presumably its answers to Defendant's Interrogatories – to identify the

locations of project files and offered to allow inspection upon request, but there has been no request.

Plaintiff relies on the Federal Rule of Civil Procedure 33(d) option to produce business records in many of its answers to Defendant's Interrogatories and Requests for Production. However, Plaintiff may not simply point to 125,000 pages of documents and expect the opposing party to sift through said documents to find the answers to their interrogatories and requests for production. Clearly, the Rule requires that a party in control of the documents, who is obviously more familiar with the organizational system, must "specify the records from which the answer may be derived or ascertained" in a manner which is "in sufficient detail to permit the interrogating party to locate and to identify, as readily as can the party served, the records from which the answer may be ascertained." Fed. R. Civ. P. 33(d). Therefore, unless the parties come to some agreement, and promptly inform the Court of said agreement, the Court will require Plaintiff to locate and produce the documents requested, and will require Plaintiff to fully supplement its answers to Defendant's Interrogatories and Requests for Production on or before September 10, 2007. If Plaintiff is unable to comply with this deadline and requests a continuance, or upon request of the Defendant for lack of time to review the information provided, the Court will consider continuing the trial. The Court expects the case before it to be fully prepared prior to trial. This case will be tried to the Court. The Court will not permit the parties to appear before it without being fully prepared to present the information they believe to be necessary to enable the Court to intelligently resolve the issues. It is obvious that, at this point, the parties are not fully prepared to proceed.

Defendant also moves the Court for an order deeming Requests for Admissions Nos. 12 through 29 admitted due to Defendant's inadequate responses. Defendant argues that Plaintiff's blanket assertions that it has made "reasonably inquiry and the information known or readily obtainable by them is insufficient to admit or deny" is inadequate. For example, Request for Admission 12 states, "That by Subcontractor's Application for Payment dated August 20, 2004, Meadows submitted to plaintiff its request for an amount due of $33,464.39 as shown on Exhibit '1' attached hereto." Plaintiff's response states, "BCE principals do not know because they are without sufficient information to admit or deny the allegations contained in request for admission no. 1[2], therefore BCE principals deny same. BCE principals have made reasonable inquiry and the information known or readily obtainable by them is insufficient to admit or deny the allegations therefore BCE principals deny same." Plaintiff asserts similar arguments to those set forth above.

As to the Requests for Admission, the Court notes that Rule 33(d) does not apply to Requests for Admission. Therefore, Plaintiff may not rely upon Rule 33(d) as to the Requests for Admission. Plaintiff must comply with Federal Rule of Civil Procedure 36, entitled "Requests for Admission."

Federal Rule of Civil Procedure 36(a) provides:

> A party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of Rule 26(b)(1) set forth in the request that relate to statements or opinions of fact or of the application of law to fact, including the genuineness of any documents described in the request. Copies of documents shall be served with the request unless they have been or are otherwise furnished or made available for inspection and copying. Without leave of court or written stipulation, requests for admission may not be served before the time specified in Rule 26(d).

> Each matter of which an admission is requested shall be separately set forth. The matter is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow or as the parties may agree to in writing, subject to Rule 29, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney. If objection is made, the reasons therefor shall be stated. The answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify an answer or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder. An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless the party states that the party has made reasonable inquiry and that the information known or readily obtainable by the party is insufficient to enable the party to admit or deny. A party who considers that a matter of which an admission has been requested presents a genuine issue for trial may not, on that ground alone, object to the request; the party may, subject to the provisions of Rule 37(c), deny the matter or set forth reasons why the party cannot admit or deny it.

Plaintiff admits that the answers to the requests "may be in the project file of the Plaintiff," and states that it is attempting to find the answers to date. Plaintiff "may not give lack of information or knowledge as a reason for failure to admit or deny unless the party states that the party has made reasonable inquiry and that the information known or readily obtainable by the party is insufficient to enable the party to admit or deny." As discussed above, Plaintiff has failed to make "reasonable inquiry."

However, the Court will not at this point deem the answers to be admitted. Rather, the Court will require that an amended answer be served. Fed. R. Civ. P. 36(a). As the Court has Ordered that Plaintiff locate and produce the documents requested and supplement its answers to Defendant's Interrogatories and Requests for Production on or before September 10, 2007, Plaintiff should be able to provide an amended answer to the Requests for Admission on or

before September 10, 2007. As stated above, if Plaintiff is unable to comply with this deadline and requests a continuance, or upon request of the Defendant for lack of time to review the information provided, the Court may decide to continue the trial of this matter.

Accordingly,

IT IS THEREFORE ORDERED that Defendant's Motion to Compel Answering of Interrogatories and Requests for Production of Documents and Appropriate Sanctions (Docket No. 52) be, and it is hereby, GRANTED as set forth above.

IT IS FURTHER ORDERED that Defendant's Motion to Deem Requests for Admissions as Admitted (Docket No. 50) be, and it is hereby, HELD IN ABEYANCE as set forth above.

Dated this 31st day of August, 2007.

/s/Garnett Thomas Eisele
UNITED STATES DISTRICT JUDGE