# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

**BUILDING CONSTRUCTION**
**ENTERPRISES, INC.**                                    **PLAINTIFF/COUNTERDEFENDANT**

v.                                    **CASE NO. 3:06-CV-00092 GTE**

**GARRY MEADOWS**
**CONSTRUCTION CO., INC.**                              **DEFENDANT/COUNTERCLAIMANT**

## ORDER

Presently before the Court is Defendant Garry Meadows Construction Co., Inc.'s Motion to Award Attorney Fees, Costs and Prejudgment Interest filed on September 27, 2007. Plaintiff filed an belated response on October 22, 2007.

Defendant requests that the Court enter judgment in the amount of $19,880.00[1] for attorney fees, $9,797.15 for prejudgment interest, and $465.12 for costs and expenses incurred. Defendant calculates the prejudgment interest at an annual rate of 6% on the amount of $56,517.17 from February 22, 2005, the date of the last unpaid invoice. Defendant notes that the subcontract agreement provides that the nonprevailing party shall pay "all attorney fees, costs, and expenses." Plaintiff concedes that there is a contractual provision allowing Defendant to recover attorney's fees and that Defendant is the prevailing party. However, Plaintiff requests that the Court limit the attorney fee award and deny Defendant's request for prejudgment interest.

---

[1] This total consists of 99.4 hours of work at a rate of $200 per hour.

1

I.      **Attorney Fees**

"The following factors are relevant in determining reasonable fees: 1) the experience and ability of the attorney; 2) the time and labor required to perform the service properly; 3) the amount in controversy and the result obtained in the case; 4) the novelty and difficulty of the issues involved; 5) the fee customarily charged for similar services in the local area; 6) whether the fee is fixed or contingent; 7) the time limitations imposed upon the client in the circumstances; and 8) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the attorney." *Phelps v. U.S. Credit Life Ins. Co.,* 340 Ark. 439, 442, 10 S.W.3d 854, 856 (2000). "While the courts should be guided by the foregoing factors, there is no fixed formula in determining the reasonableness of an award of attorney's fees." *Id.*

The Court notes that Defendant attempted to exclude the fees attributable to the Third Party Complaint and its dismissal in its request. The Court will subtract an additional 4.3 hours of work from the total time expended as attributable to the Third Party Complaint.[2] The Court declines to further reduce the award. After consideration of the factors noted above, the Court awards $19,020.00[3] in attorney fees to Defendant.

II.     **Prejudgment Interest**

In *Woodline Motor Freight, Inc. v. Troutman Oil Co., Inc*., 327 Ark. 448, 453, 938 S.W.2d 565, 568 (1997), the Arkansas Supreme Court set forth the "general rule that

---

[2]This total consists of .4 hours of work on 6/14/06, 1.8 hours of work on 2/19/07, and 2.1 hours of work on 2/19/07.

[3]This total consists of 95.1 hours of work at a rate of $200 per hour.

prejudgment interest is not recoverable on claims that are neither liquidated as a dollar sum nor ascertainable by fixed standards." (citing 1 Dan B. Dobbs, *Dobbs Law of Remedies: Damages, Equity, Restitution* § 3.6(1), at 336 (2d ed.1993)).  However, "[p]rejudgment interest is allowable where the amount of damages is definitely ascertainable by mathematical computation, or if the evidence furnishes data that make it possible to compute the amount without reliance on opinion or discretion." *Id*. (citing 47 C.J.S. *Interest and Usury* § 21 (1982)).

In *Woodline*, the Court upheld the trial court's denial of prejudgment interest because "it was impossible to compute the amount of . . . damages without reliance on opinion or discretion" because "[t]here was conflicting testimony as to whether the building needed to be completely torn down, or whether part of the structure could have been repaired," and the estimates as to each option "varied substantially." *Id*. at 454.  Additionally, in *Atlanta Exploration, Inc. v. Ethyl Corp*., 301 Ark. 331, 339, 784 S.W.2d 150, 153 (1990), the Arkansas Supreme Court stated that if "a method exists for fixing an exact value on the cause of action at the time of the occurrence of the event which gives rise to the cause of action," prejudgment interest should be allowed, because one who has the use of another's money should be justly required to pay interest from the time it lawfully should have been paid."

Defendant seeks prejudgment interest on $56,517.17 at a rate of 6 percent per annum from February 22, 2005, which is the date of the invoice whereby Defendant made demand upon Plaintiff for payment for the work performed.  Plaintiff argues that prejudgment interest should not be awarded because there was a dispute about whether it owed Defendant for the work performed, and until this Court determined the parties' respective contractual responsibilities, no one could know what was owed to whom under the contact.  If the Court were to accept

Defendant's argument, the Court cannot imagine a situation in which prejudgment interest would be awardable in a contract dispute case.  Here, while the liability of the parties may not have been clear at the time the invoice was issued, damages in the amount of $56,517.17 were definitely ascertainable as of that date.  The Court finds that Defendant is entitled to prejudgment interest on the sum of $56,517.17 accruing at a rate of 6% per annum from February 22, 2005.

### III.    Costs

Regarding the claimed costs, Federal Rule of Civil Procedure 54, entitled "Costs Other than Attorneys' Fees," provides in pertinent part:

> Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs.

Fed. R. Civ. P. 54(d)(1).  28 U.S.C. § 1920 defines "costs" and sets forth the categories of trial expenses awardable to a prevailing party under Rule 54(d), including:

**(1)** Fees of the clerk and marshal;

**. . .**

**(3)** Fees and disbursements for printing and witnesses;

28 U.S.C. § 1923(a).  "While the above-enumerated costs are presumed to be taxable, the Court must exercise discretion in assessing costs, only allowing taxation of costs for materials 'necessarily obtained for use in the case,' 28 U.S.C. § 1920, and in an amount that is reasonable." *Berryman v. Hofbauer*, 161 F.R.D. 341, 344 (E.D. Mich.1995) *(citing Holmes v. Cessna Aircraft Co.,* 11 F.3d 63, 64 (5th Cir. 1994); *U.S. Industries,* 854 F.2d at 1245; *Griffith v. Mt. Carmel Medical Center,* 157 F.R.D. 499, 502 (D. Kan. 1994); *Voight,* 141 F.R.D. at 101).  "In seeking costs under Rule 54(d), the prevailing party has the burden of establishing that the expenses he

seeks to have taxed as costs are authorized by applicable federal law, including proof of necessity and reasonableness under 28 U.S.C. § 1920. *Id.*

Federal Rule of Civil Procedure 54(d) has been interpreted as creating a presumption that costs are to be awarded to the prevailing party. *See Delta Air Lines, Inc. v. August,* 450 U.S. 346, 352, 101 S. Ct. 1146, 67 L. Ed. 2d 287 (1981); *Martin v. Daimler-Chrysler,* 251 F.3d 691, 696 (8th Cir.2001) (citations omitted). "Despite this presumption, however, the district court has substantial discretion in awarding costs to a prevailing party." *Greaser v. State, Dept. of Corrections*, 145 F3d 979, 985 (8th Cir. 1998)(upholding district court's denial of costs to prevailing defendant in discrimination case). Although some circuits are of the view that costs should only be denied to a prevailing party if it is guilty of some misconduct or other action worthy of penalty, it appears that the Eighth Circuit takes a broader view, finding that Rule 54(d)'s grant of discretion alone permits a court to deny costs. *Greaser*, 145 F.3d at 985.

The amount of witness fees that may be charged under 28 U.S.C. § 1920(3) is governed by 28 U.S.C. § 1821, which states in part:

> Except as otherwise provided by law, a witness in attendance at any court of the United States, or before a United States Magistrate Judge, or before any person authorized to take his deposition pursuant to any rule or order of a court of the United States, shall be paid the fees and allowances provided by this section.

Subsection (b) provides for an attendance fee of $40.00 per day for each day's attendance. The Court awards witness fees in the amount of $120.00 for the three witnesses subpoenaed.

Defendant also claims $150.00 in fees for the service of said subpoenas. In *Crues v. KFC Corp.*, 768 F.2d 230, 234 (8th Cir. 1985), the Eighth Circuit clearly stated that fees associated

with the use of a "special process server [are not recoverable] because 28 U.S.C. § 1920 (1982) contains no provision for such expenses." (citing *Zdunek v. Washington Metropolitan Area Transit Authority,* 100 F.R.D. 689, 692 (D.D.C.1983); 10 C. Wright, A. Miller, & M. Kane, *Federal Practice and Procedure* § 2677, at 371-72 (1983)).  Defendant has not submitted any invoices or checks that indicate whether a special process server was used. Therefore, this Court is required to deny Plaintiffs' request for $150.00 in fees for service.

Finally, Defendant requests $144.34 in copying expenses and $50.78 for index labels for the exhibit notebooks, for a total of $195.12.  The Court will award these costs.

Accordingly,

IT IS THEREFORE ORDERED THAT Defendant's Motion to Award Attorney Fees, Costs and Prejudgment Interest (Docket No. 88) be, and it is hereby, GRANTED in part and DENIED in part.

IT IS CONSIDERED, ORDERED AND ADJUDGED that Defendant Garry Meadows Construction Co., Inc. have and recover from Plaintiff Building Construction Enterprises, Inc. the sum of $19,020.00 in attorneys' fees and $315.12  in costs, with post-judgment interest accruing at an annual rate of 4.14%[4] calculated from this date.[5]  The Court further awards prejudgment interest on the sum of $56,517.17 accruing at a rate of 6% per annum from February 22, 2005 through September 20, 2007, the date Judgment was entered.

---

[4]The one-year treasury rate for the week ending October 19, 2007.

[5]*Jenkins v. Agyei v. State of Mo.*, 931 F.2d 1273 (8th Cir. 1991) (specifying that post-judgment interest on attorneys' fees should accrue from the date the court recognizes that a party is entitled to an award of attorneys' fees).

Dated this 24th day of October, 2007.

                                                /s/Garnett Thomas Eisele\
                                                UNITED STATES DISTRICT JUDGE