UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

**BUILDING CONSTRUCTION**
**ENTERPRISES, INC.**                                   **PLAINTIFF/COUNTERDEFENDANT**

v.                             CASE NO. 3:06-CV-00092 GTE

**GARRY MEADOWS**
**CONSTRUCTION CO., INC.**                              **DEFENDANT/COUNTERCLAIMANT**

## ORDER

Presently before the Court is Plaintiff's Motion to Stay Execution of Judgment and Approve Supersedeas Bond. On September 20, 2007, this Court entered Judgment in favor of Defendant Garry Meadows Construction Co., Inc. In the amount of $63,477.44. On October 24, 2007, this Court awarded Defendant $19,020.00 in attorneys' fees and $315.12 in costs, with post-judgment interest accruing at an annual rate of 4.14% from that date. Additionally, the Court awarded prejudgment interest on the sum of $56,517.17 accruing at a rate of 6% per annum from February 22, 2005 through September 20, 2007. Subsequently, Defendant filed an application for writ of garnishment.

Plaintiff submits its supersedeas bond, providing surety in the amount of $95,000.00. The surety on said bond is Safeco Insurance Companies. Federal Rule of Civil Procedure 62(d) provides:

> When an appeal is taken the appellant by giving a supersedeas bond may obtain a stay subject to the exceptions contained in subdivision (a) of this rule. The bond may be given at or after the time of filing the notice of appeal or of procuring the

1

order allowing the appeal, as the case may be.  The stay is effective when the supersedeas bond is approved by the court.

Defendant objects because the bond proposed in Plaintiff's motion has not been signed by any principal of Plaintiff.  Subsequently, Plaintiff substituted a copy of the bond signed by the CEO of Building Construction Enterprises.  Therefore, the Court considers this issue to be moot.

Defendant also argues that the proposed bond amount is inadequate to compensate it.  Defendant states that the total amount owed to it is over $92,000.00 at this time.  Defendant notes that with post-judgment interest accruing while this matter is on appeal and additional attorney fees on the appeal are expected to be several thousand dollars, any bond in an amount less than $105,000.00 would be inadequate.  The Court agrees.  Plaintiff has given the Court no indication as to its solvency.  Therefore, Plaintiff's motion is denied unless and until Plaintiff files an acceptable bond in an amount not less than $105,000.  Additionally, Plaintiff inadvertently styled his Notice of Filing of Original Bond as a Motion for Bond.  This motion will also be denied.

Accordingly,

IT IS THEREFORE ORDERED that Plaintiff's Motion to Stay Execution of Judgment and Approve Supersedeas Bond (Docket No. 104) be, and it is hereby, DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Bond (Docket No. 107) be, and it is hereby, DENIED.

Dated this 28th day of November, 2007.

/s/Garnett Thomas Eisele_____
UNITED STATES DISTRICT JUDGE